UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Ashley Love,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Alpha Recovery Corp.,<br><br>　　　　　　Defendant. | Civil Action No.: 4:20-cv-1183<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Ashley Love, by undersigned counsel, states as follows:

## JURISDICTION

1.  This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in their illegal efforts to collect a consumer debt.

2.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.  The Plaintiff, Ashley Love ("Plaintiff"), is an adult individual residing in Euless, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant Alpha Recovery Corp. ("Alpha"), is a Colorado business entity with an address of 6912 S Quentin Street, Suite 10, Centennial, Colorado 80112, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

6.     The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.     The Debt was purchased, assigned or transferred to Alpha for collection, or Alpha was employed by the Creditor to collect the Debt.

9.     The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     Alpha Engages in Harassment and Abusive Tactics**

10.     In or around September 2014, Plaintiff and Alpha agreed to a payment plan and Plaintiff has been paying $109.95 monthly, as agreed.

11.     On or about July 7, 2020, Alpha called Plaintiff and said that the Creditor wanted to settle the Debt for $9,298.63, and told Plaintiff to take out a loan with One Main Financial.

12.     Plaintiff contacted One Main Financial to inquire about a loan and was told that One Main Financial did not handle such loans.

13.     On or about July 10, 2020, Plaintiff informed Alpha that One Main Financial would not give her a loan. In response, Alpha Called Plaintiff a liar.

14.     Alpha tried to pressure Plaintiff to take out a loan to pay the Debt in full when Plaintiff was making the agreed upon monthly payments timely.

15.     Alpha's actions caused Plaintiff a significant amount of frustration, confusion and anxiety.

### C. **Plaintiff Suffered Actual Damages**

16. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

17. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

20. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

21. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

23. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### TEX. FIN. CODE ANN. § 392, et al.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

27. The Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

28. The Defendant used abusive and profane language when speaking with the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(1).

29. The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;

4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin.

      Code Ann. § 392.404(a);

7. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

8. Punitive damages; and

9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 28, 2020

                            Respectfully submitted,

                            By /s/ Jody B. Burton

                            Jody B. Burton, Esq.
                            CT Bar # 422773
                            LEMBERG LAW, L.L.C.
                            43 Danbury Road, 3rd Floor
                            Wilton, CT 06897
                            Telephone: (203) 653-2250
                            Facsimile:  (203) 653-3424
                            E-mail: jburton@lemberglaw.com
                            Attorneys for Plaintiff